# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Allred, | No. CV-03-2343-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corporation of America, Inc.; and Bruno Stolc, | |
| Defendants. | |

A Final Pretrial Conference was held on January 25, 2006. Counsel appeared on behalf of Plaintiff and Defendant. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1. Trial in this matter shall begin on **March 21, 2006, at 9:00 a.m.**

2. The trial shall last **six** days (March 21-24, 28-29, 2006). Plaintiffs shall be allotted 15 hours of trial time and Defendants shall be allotted 15 hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. A final conference shall be held on **March 16, 2006, at 4:00 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street,

1 Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

2     4. The parties' proposed final pretrial order shall govern the presentation of
3 evidence and other trial issues. Evidence, objections, legal arguments, and relief not
4 requested or identified in the order shall not be available at trial. On or before
5 **February 10, 2006**, Plaintiff shall provide Defendant with summaries of the testimony to
6 be provided by medical provider witnesses at trial.

7     5. In response to an issue raised in the parties' proposed final pretrial order, the
8 Court ruled that Defendant Stolc is no longer in the case. The sole remaining issue in this
9 case – negligence – was asserted in Plaintiff's complaint only against Defendant
10 Corrections Corporation of America ("CCA").

11     6. For reasons stated on the record, the Court **denied** Plaintiff's Motion in
12 Opposition to Juror Note Taking (Doc. #155).

13     7. The Court addressed Plaintiff's Motion to Exclude Testimony of Phillip Esplin
14 (Doc. #137). The Court **granted** the motion with respect to Dr. Esplin's opinions 2 and 4.
15 Witness credibility, including the credibility of Plaintiff, is an issue for the jury to determine
16 and not properly the subject of expert testimony. *See* 4 J. Weinstein & Margaret A. Berger,
17 *Weinstein's Federal Evidence* § 702.06[1][a] (2d ed. 2005). The Court will deny the motion
18 with respect to Dr. Esplin's opinions 1 and 3, but in rendering these opinions Dr. Esplin
19 should not opine on the credibility of Plaintiff.

20     8. For reasons stated on the record, the Court **granted** Plaintiff's Motion to
21 Strike Appendices (Doc. #154). Defendants will not be permitted to use the exhibits to Dr.
22 Esplin's testimony produced to Plaintiff on January 3, 2006.

23     9. The Court addressed Plaintiff's Motion in Limine (Doc. #138). Because the
24 motion includes 11 subparts, the Court will address them separately by the paragraph
25 number included in Plaintiff's motion.

26     a. The Court **granted** the motion with respect to Paragraph 1. Defendant
27 shall not make any mention of Plaintiff having filed a motion in limine.

28     b. The Court **denied** the motion with respect to paragraph 2 of Plaintiff's

1  motion. The paragraph is too vague for a ruling.

2     c. With respect to paragraph 3, the Court **denied** the motion with respect
3  to Plaintiff's conviction in the United States District Court for the District of New Mexico
4  for conspiracy to commit fraud in connection with identification documents and
5  possession with intent to use false identification documents. The Court also **denied** the
6  motion with respect to Plaintiff's conviction for conspiracy to violate 18 U.S.C. § 472.
7  Because these convictions concern crimes of dishonesty, the Court concluded that they
8  are admissible in evidence under Federal Rule of Evidence 609(a)(2). The Court **granted**
9  the motion with respect to Plaintiff's conviction for possession of methamphetamine and
10  conspiracy to possess methamphetamine. The Court concluded that the potential
11  prejudicial effect of these convictions outweighs their probative value and therefore
12  granted the motion under Federal Rule of Evidence 403. The Court also made clear that
13  Defendants may introduce evidence concerning the criminal proceedings in which Plaintiff
14  was involved at the time of the alleged rape, including the proceedings that occurred
15  following the alleged rape and during which Plaintiff reported the rape. Plaintiff's motion
16  was **denied** with respect to such proceedings.

17     d. With respect to paragraph 4 of Plaintiff's motion – evidence
18  concerning Plaintiff's 1991 arrest and related events – the Court **granted** Plaintiff's motion
19  without prejudice to Defendant seeking to introduce such evidence at trial. Because the
20  Court cannot determine the relevancy of such evidence at this time, the motion will be
21  granted, Defendant should not mention these events during opening statement, and
22  Defendant should raise these issues with the Court outside of the hearing of the jury if it
23  desires to introduce such evidence during trial.

24     e. With respect to paragraph 5 of Plaintiff's motion, the Court found
25  Plaintiff's request to be too vague and therefore **denied** the motion.

26     f. With respect to paragraph 6 of Plaintiff's motion, the Court found
27  Plaintiff's request to be too vague and therefore **denied** the motion.

28     g. With respect to paragraph 7, the Court **granted** the motion without

- 3 -

prejudice to Defendant seeking to introduce evidence of Plaintiff's prior drug use outside the hearing of the jury. The Court will be better equipped to address the relevancy of this evidence at trial.

      h. With respect to paragraph 8, the Court **granted** Plaintiff's motion. Defendant shall not mention the fact that Plaintiff's case is being handled on a contingent fee basis.

      i. With respect to paragraph 9, the Court **granted** the motion without prejudice to Defendant's seeking to introduce evidence at trial concerning the denial of Plaintiff's application for social security and unemployment benefits. The Court will be better equipped to address the relevancy of this evidence at trial.

      j. With respect to paragraph 10, the Court **granted** Plaintiff's motion without prejudice to Defendant's right to seek to introduce evidence at trial concerning Plaintiff's prior divorce and abortion. The Court will be better equipped to address the relevancy of this evidence at trial.

      k. With respect to paragraph 11 of Plaintiff's motion, the Court ruled that Defendant can introduce evidence of Plaintiff's suicidal tendencies insofar as it relates to the manner in which Plaintiff was classified and incarcerated at Defendant's facility on the night in question. The Court granted the motion in limine with respect to evidence of prior suicide attempts or information, but without prejudice to Defendant's right to seek to introduce such evidence at trial if it concludes that the evidence becomes relevant.

10. The Court addressed Defendant's Motion in Limine to Exclude Evidence of CCA's Post-Incident Investigation of the Alleged Rape (Doc. #142). The Court took this motion under advisement. The Court will **deny** the motion. The Court concludes that CCA's investigation into whether or not the rape occurred is relevant to a central issue at trial – whether or not the rape occurred. The Court concludes that the potential prejudice of this evidence does not outweigh its relevance.

11. The Court addressed Defendant's Motion in Limine to Exclude Testimony of Rape Crisis Counselor (Doc. #143). The Court took this motion under advisement. The

- 4 -

1  Court will **deny** the motion.  The Court concludes that Ms. Van Wyngarden was not
2  required to produce an expert report because she was a treating medical provider and
3  therefore was not retained or specially employed to provide expert testimony in this case.
4  *See* F. R. Civ. P. 26(a)(2)(B).  The Court also concludes that Ms. Van Wyngarden's training
5  and experience in rape counseling qualifies her to state opinions concerning her diagnosis
6  of Plaintiff as suffering from PTSD and depression disorder.  The Court will not exclude this
7  testimony under Federal Rule of Evidence 702.  Defendant will, of course, be free to cross-
8  examine Ms. Van Wyngarden concerning the basis for her diagnoses.  As noted above,
9  the Court will also permit Dr. Esplin to opine on the reliability of Ms. Van Wyngarden's
10 diagnoses.

11  12.  The Court addressed Defendant's Motion in Limine to Exclude Evidence of
12 Prior 1999 Allegation of Fondling Incident (Doc. #144).  The Court **granted** the motion
13 without prejudice to Plaintiff seeking to introduce evidence of the incident at trial.  Plaintiff
14 must raise this issue outside the hearing of the jury.  The Court will be better equipped at
15 trial to determine the relevancy of this evidence.

16  13.  The Court addressed Defendants' Motion in Limine to Exclude
17 Employment/Personnel information of CCA Witnesses at Trial (Doc. #147).  Because the
18 motion was too vague and general, it was **denied**.

19  14.  The Court considered Defendants' Motion in Limine to Exclude Institutional
20 File Information of Inmates Processed into Prison at the Same Time as Plaintiff (Doc. #146).
21 For the reasons stated on the record, the Court **granted** the motion.  The Court concludes
22 that the potentially prejudicial effect of this evidence outweighs its marginal relevance.

23  15.  The Court addressed Defendants' Motion in Limine to Exclude the CCA-
24 United States Marshals Service Contract at Trial (Doc. #145).  Because Plaintiff withdrew
25 her opposition to this motion at the hearing, it was **granted** by the Court.

26  16.  The Court directed the parties to re-submit deposition designations at the
27 hearing on March 16, 2006.  The parties noted that they will seek to streamline deposition
28 presentations in light of the Court's time limits for the trial.  The Court encouraged the

1 parties to consider stipulating to summaries of testimony from particular witnesses.

2     17.    The Court advised the parties that the trial date may get pre-empted by a
3 pending criminal case. If it does, this case most likely will be assigned to a visiting judge
4 for trial.

5     18.    The Court provided the parties with the Court's Proposed Preliminary Jury
6 Instructions and Voir Dire dated January 25, 2006. These proposed instructions and voir
7 dire will be discussed at the hearing to be held on March 16, 2006.

8 DATED this 31st day of January, 2006.

_____
David G. Campbell
United States District Judge